1  Jennifer L. Greenblatt (*pro hac vice* forthcoming)
   jgreenblatt@goldmanismail.com
2  Edward Dumoulin (*pro hac vice* forthcoming)
3  edumoulin@goldmanismail.com
4  **GOLDMAN ISMAIL TOMASELLI**
   **BRENNAN & BAUM LLP**
5  200 South Wacker Drive, 22nd Floor
6  Chicago, IL 60606
   Telephone: (312) 681-6000
7  Facsimile: (312) 881-5191

8
   Sarah C. Trankiem (SBN 235031)
9  sarah.trankiem@faegredrinker.com
10 **FAEGRE DRINKER BIDDLE & REATH LLP**
   Four Embarcadero Center, 27th Floor
11 San Francisco, California  94111-4180
12 Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
13
14 *Attorneys for Defendants Bayer Corporation,*
   *Bayer HealthCare LLC, and Bayer HealthCare*
15 *Pharmaceuticals Inc.*

16                **UNITED STATES DISTRICT COURT**
17               **CENTRAL DISTRICT OF CALIFORNIA**
                      **WESTERN DIVISION**
18

| | |
|---|---|
| 19 MICHAEL DEUSCHEL, | Case No. 2:22-cv-8338 |
| 20　　　　　Plaintiff, | |
| 21 v. | **NOTICE OF REMOVAL** |
| 22 BAYER HEALTHCARE | |
| 23 PHARMACEUTICALS, INC.; BAYER PARMA AG; BAYER CORPORATION; | **JURY TRIAL DEMANDED** |
| 24 BAYER HEALTHCARE, LLC; | |
| 25 MCKESSON MEDICAL SURGICAL, INC.; MERRY X-RAY CHEMICAL | |
| 26 CORPORATION; AND DOES 1 | |
| 27 THROUGH 50, INCLUSIVE, | |
| 28　　　　　Defendants. | |

Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively "Bayer" or the "Bayer Defendants") hereby remove the above-captioned case pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California. The grounds for removal are as follows:

**I.    Background**

1.    Federal question jurisdiction exists over this suit. Plaintiff Michael Deuschel brings a claim under the federal Americans with Disabilities Act, *see* First Amended Complaint ¶¶ 140–50, which plainly "aris[es] under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Supplemental jurisdiction exists over all other claims in the suit because they "form part of the same case or controversy" with the federal claim. 28 U.S.C. § 1367.

2.    Plaintiff filed this case, captioned *Deuschel v. Bayer HealthCare Pharms., Inc.*, Case No. 19STCV46368, on December 26, 2019, in the Superior Court of California, Los Angeles County, but Plaintiff did not serve any defendant until almost ***three years*** after filing this suit. On August 2, 2022, Plaintiff filed the operative First Amended Complaint. Plaintiff ultimately served the Bayer Defendants with the First Amended Complaint ("Compl.") on October 18, 2022.

3.    In the Complaint, Plaintiff claims his single use in 2009 of Bayer's FDA-approved gadolinium-based contrast agent Magnevist—a drug that enhances magnetic resonance imaging (MRI) to diagnose serious medical conditions—caused Plaintiff a wide range of injuries such as "Hearing Loss," "jaw injuries," "carpal tunnel . . . impingement," and "vocal cord" problems. Compl. at 16–18.

4.    These claims lack any scientific basis whatsoever. In 2017, nearly a decade after Plaintiff alleges he used Magnevist, the FDA stated that "the only known adverse health effect related to gadolinium retention is a rare condition called nephrogenic systemic fibrosis (NSF)." Ex. 2, 5/22/2017 FDA Drug Safety

1  Communication, https://www.fda.gov/drugs/drug-safety-and-availability/fda-drug-
2  safety-communication-fda-identifies-no-harmful-effects-date-brain-retention-
3  gadolinium. Plaintiff does not claim to have NSF, which is a condition that "occurs in
4  a small subgroup of patients with pre-existing kidney failure" that do not include
5  Plaintiff. *Id.*; Compl. ¶ 63 (alleging that Plaintiff "had pre-existing moderately
6  impaired renal dysfunction," not kidney failure, at the time he used Magnevist).

7  **II.    Removal Is Proper Because Federal Question Jurisdiction Exists**

8          5.      The Court has jurisdiction because this case makes claims "arising under
9  the . . . laws . . . of the United States," and "all other claims . . . are so related to
10 [those] claims . . . that they form part of the same case or controversy under Article
11 III of the United States Constitution." 28 U.S.C. §§ 1331, 1367.

12         6.      Plaintiff's second claim alleges violations of the federal Americans with
13 Disabilities Act ("ADA"). *See* Compl. ¶¶ 140–50 (citing ADA and provisions of
14 United States Code). An "ADA claim raise[s] a federal question" that creates federal
15 jurisdiction. *See, e.g.*, *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042,
16 1046 n.3 (9th Cir. 2000); 28 U.S.C. §§ 1331, 1367.

17         7.      Plaintiff's ADA claim is based on the defendants' alleged conduct with
18 respect to Magnevist, and Plaintiff's single use of Magnevist in 2009. *See* Compl. ¶¶
19 64, 140–50.

20         8.      In particular, Plaintiff's ADA claim is based on allegations that the
21 defendants did not "protect all consumers and . . . warn them of potential harm prior
22 to the use of their medical product." Compl. ¶ 147 (emphasis omitted). According to
23 Plaintiff, the defendants "discriminat[ed]" against him "in their methods of
24 manufacturing, selling and distributing their medical product" because they did not
25 adopt the design for Magnevist, and the warnings for Magnevist, that Plaintiff now
26 demands. *Id.* In making his ADA claim, Plaintiff repeatedly contends that the
27 defendants' acts alleged throughout the Complaint were discriminatory. *See Id.* ¶ 146
28 ("The acts alleged herein constitute violations of Title III of the ADA, and the

1  regulations promulgated thereunder.").

2      9.    In addition, supplemental jurisdiction exists over all of Plaintiff's state-

3  law claims. 28 U.S.C. § 1367.

4      10.    Like Plaintiff's ADA claim, all of Plaintiff's state-law claims are based

5  on the defendants' alleged conduct with respect to Magnevist and Plaintiff's use of

6  Magnevist. *See* Compl. ¶¶ 135–81. Further, like Plaintiff's ADA claim, each state-

7  law claim is based on allegations that Magnevist's defects caused Plaintiff injuries

8  following his single use of the drug in 2009. *See* Compl. ¶¶ 64, 136, 147, 155, 161–

9  62; 167, 169, 177, 180.[1]

10     11.    All of Plaintiff's state-law claims are thus based on the same nucleus of

11  operative facts as his federal ADA claim and form a single case or controversy with

12  that claim. Accordingly, this Court has supplemental jurisdiction over all state-law

13  claims. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

14  725 (1966).

15  **III.    Bayer Satisfied All Procedural Requirements for Removal**

16     12.    This action is properly removed to this Court because it is "the district

17  and division embracing the place where such action is pending," namely Los

18  Angeles, California. *See* 28 U.S.C. §§ 1441(a); *see also* 28 U.S.C. § 84(c)(2).

19     13.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)

20  because it has been "filed within 30 days after the receipt by the defendant, through

21  _____

22  [1] *See* Compl. ¶ 64 (alleging plaintiff's single use of Magnevist in 2009); *id.* ¶
    136 (first claim alleging that Magnevist "was defective due to its design and
23  inadequate warnings"); *id.* ¶ 147 (ADA claim based on defendants' defective
    "manufacturing, selling and distributing [of] their medical product, Magnevist" and
24  improper "warning protocols"); *id.* ¶ 155 (California statutory claim based on
25  defendants' defective "manufacturing, selling and distributing [of] their medical
    product, Magnevist" and improper "warning protocols"); *id.* ¶¶ 161–62 (negligence
26  claim alleging that "Defendants failed to exercise reasonable care in the design,
    formulation, manufacture, sale, testing, marketing, or distribution of . . . Magnevist,"
27  as well as its "labeling"); *id.* ¶¶ 167, 169, 177, 180 (similar allegations for warranty
28  claims).

1  service or otherwise, of a copy of the initial pleading." *See Murphy Bros., Inc. v.*

2  *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 356 (1999) (30-day time period

3  under removal statute begins to run from the date of formal service); *see also* 28

4  U.S.C. § 1446(b)(2)(B). Plaintiff first served the Bayer Defendants with the

5  Complaint on October 18, 2022.

6         14.    The Bayer Defendants file this Notice of Removal "together with a copy

7  of all process, pleadings, and orders served upon such . . . defendants" during the

8  state court proceedings, which are included as Exhibit 1. *See* 28 U.S.C. § 1446(a).

9         15.    All defendants properly joined and served consent to the removal of this

10  action.

11         16.    No previous application has been made for the relief requested herein.

12         17.    Pursuant to 28 U.S.C. § 1446(d), Bayer will promptly serve written

13  notice of this Notice of Removal upon counsel for Plaintiff and file a copy of this

14  Notice of Removal with the clerk of the Los Angeles County Superior Court.

15         18.    If there are any questions concerning this removal, Bayer respectfully

16  requests the opportunity to present briefing and oral argument in support of removal.[2]

17                         **DEMAND FOR JURY TRIAL**

18         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Bayer

19  Defendants hereby demand a jury trial in this matter.

20

21

22

23

24

25

26  _____

[2] No waiver and no admission of fact, law, or liability, including without

27  limitation the amount of damages, if any, is intended by this Notice of Removal, and

28  all defenses, affirmative defenses, and rights are hereby reserved. In particular, no
party concedes that proper service of process has occurred.

1    Dated: November 15, 2022

2

3                                             By: /s/ Sarah C. Trankiem
                                              Jennifer L. Greenblatt (pro hac vice
4                                             forthcoming)
                                              jgreenblatt@goldmanismail.com
5                                             Edward Dumoulin (pro hac vice
                                              forthcoming)
6                                             edumoulin@goldmanismail.com
                                              GOLDMAN ISMAIL TOMASELLI
7
                                              BRENNAN & BAUM LLP
8                                             200 South Wacker Drive, 22nd Floor
                                              Chicago, IL 60606
9                                             Telephone: (312) 681-6000
                                              Facsimile: (312) 881-5191
10

11

12                                            Sarah C. Trankiem (SBN 235031)
                                              sarah.trankiem@faegredrinker.com
13                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                              Four Embarcadero Center, 27th Floor
14                                            San Francisco, California  94111-4180
                                              Telephone: (415) 591-7500
15                                            Facsimile: (415) 591-7510
16

17                                            Attorneys for Defendants Bayer
                                              Corporation, Bayer HealthCare LLC, and
18                                            Bayer HealthCare Pharmaceuticals Inc.
19

20

21

22

23

24

25

26

27

28